PEOPLE, PLAINTIFF AND APPELLEE, v. BORGES, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution
for False Representation.

No. 1109.—Decided February 8, 1917.

FALSE REPRESENTATION—EVIDENCE—NEW TRIAL—DOUBT.—When there are good
grounds for concluding that the district judge rendered a judgment of con-
viction without properly weighing all of the evidence, a new trial should be
granted, especially if the Supreme Court, as in the present case, has grave
doubts as to the guilt of the accused.

The facts are stated in the opinion.
*Mr. José D. Rodríguez* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The district attorney of Aguadilla charged Vicente Bor-
ges, Jr., with wilfully collecting money on a check as genu-
ine knowing that it was forged. The defendant pleaded not
guilty and upon trial was convicted by the court of the of-
fense of false representation, defined and penalized by section

470 of the Penal Code. The defendant appealed and main-
tains in this court that the district court erred (1) in over-
ruling his motion for nonsuit; (2) in arriving at conclusions
not sustained by the evidence; and (3) in considering it in-
dispensable that he should call Aurelio Cruz as a witness
for the defense for the purpose of removing from its mind
all suspicion that his possession of the check was unlawful.

The evidence for the prosecution consisted of the testi-
mony of the following witnesses: (1) Dionisio Ríos, who
received the said check from the hands of Vicente Borges,
the defendant, and used it to pay for certain commodities
for a dance. The balance of the amount of the check was re-
turned to him and he delivered it to the defendant; (2) Ti-
moteo Castro, the merchant who sold the goods and received
the check. He considered it genuine and passed it to another;
(3) Juan González Mercado, who first gave the order to Dio-
nisio Ríos for purchasing and paying for the commodities
for the dance, but who did not have to do so because the de-
fendant anticipated him; (4) Salvador Barea, treasurer of
the Utuado school board, who testified that his signature ap-
pearing on the check was forged; and (5) Joaquín M. To-
rres, assistant cashier of the American Colonial Bank of
Porto Rico, which finally paid the check and was defrauded
of its face value of ten dollars because it was found to be
forged.

The evidence for the defense consisted of the testimony
of witnesses (1) Manuel del Pino, who testified that Aure-
lio Cruz asked him to cash a check, but it was not the one
shown to him; (2) Juan Pérez, who was present when Aure-
lio Cruz gave the defendant a check for ten dollars so that
he might collect therefrom a bill for some jewelry for which
Cruz owed him, which the defendant did and returned the
balance in cash; and (3) defendant Borges himself, who
admitted that he gave the check to Ríos and explained that
he had received it from Aurelio Cruz in the manner stated
by witness Pérez. The testimony of the defendant is full

and detailed. In answer to questions put by the judge, a part of his testimony is as follows:

"Aurelio Cruz lives—I believe he lives in Lares. I am sure that he is living there now. He was living in Lares in March. When I was arrested in Lares and my bail was fixed at $1,000, which was furnished in Lares, I was with Aurelio Cruz in front of the warehouse of Márquez and I told him what had occurred about that check, and he said that he also had been summoned regarding the check and that, according to the public, it was rumored that he had been called upon to testify and required to furnish bail, which I am sure was $1,000 or $300. After I had given bond for $1,000 my bail was reduced to $200, and when I went to speak to him he and his family became very angry and told me that he had not been charged with any responsibility, and I said, 'Am I to take the responsibility upon myself, then?' He was angry because he had been held in the matter."

After the evidence had been examined the court found the defendant guilty and sentenced him to one year's imprisonment in the district jail. In reviewing the evidence the court said, among other things:

"* * * the defendant had the forged check in his possession and having been given an opportunity to explain his possession of the same, he has failed absolutely to do so in such a way as to dispel all doubt or suspicion that such possession was unlawful, since Aurelio Cruz, the only witness who, upon the defendant's own statement, was competent to testify on this point, inasmuch as he was the person who gave him the forged check, as defendant himself admits, did not appear and was not called as a witness by the defense notwithstanding that he lives in Lares, where the defendant lives."

After giving this case careful and repeated consideration, we reach the conclusion that the ends of justice require that the judgment appealed from should be reversed and the case remanded for a new trial.

From that part of the findings of fact made by the trial judge which we have transcribed herein the state of his mind when he rendered the judgment of conviction may be deduced. Fixing his mind on the fact that the defendant had not of-

fered the testimony of Aurelio Cruz in evidence, he failed to give due weight to the evidence which was introduced by the defendant, namely, his own testimony and that of witness Juan Pérez. There is no doubt that it would have been better to have introduced the testimony of Aurelio Cruz at the trial. However, the defendant was not obliged to do so and it might have been done by the *fiscal* himself. Besides, the action of the defendant in this regard is capable of explanation, which, if not convincing, is at least possibly true, since he could anticipate from the conversation he had with Cruz what the attitude of the latter would be at the trial and therefore produced the only evidence he had of his interview with Cruz; that is, his own testimony and that of the witness Pérez.

In such circumstances and as there are good grounds for believing that in rendering judgment the lower court did not consider the evidence as a whole, and as this court has grave doubts as to the guilt of the defendant, the judgment appealed from should be reversed and the case remanded for a new trial.

*Reversed and remanded for a new trial.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.